# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

UNITED STATES OF AMERICA,

v.

LEO VONZA PENDER,

    Defendant.

CR 520-007-12

## ORDER

Before the Court is Defendant Leo Pender's Motion for Amended Judgment, dkt. no. 1889, which the Court construes as a motion for time-served credit. For the reasons below, Defendant's motion is **DISMISSED**.

## BACKGROUND

Defendant was arrested in Florida for conduct unrelated to this case on April 21, 2021, and it appears he was still in state custody at the time he was sentenced by this Court on January 25, 2022. In his motion, Defendant states the Federal Bureau of Prisons ("BOP") "has apparently declined to credit this approximately ten-month period of confinement due to an ambiguity concerning primary custody jurisdiction and the interaction between Defendant's federal detention status and any related state custody considerations." Dkt. No. 1889 at 1. Defendant argues this period of time should be credited toward

his federal sentence and seeks an amended judgment from this Court stating that the BOP should "evaluate and apply any appropriate credit attributable to that period of confinement." Id.

**LEGAL AUTHORITY**

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

**DISCUSSION**

Though Defendant states he seeks an amended judgment, what he really seeks is credit toward his federal sentence for time spent in state custody. See Dkt. No. 1889. "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of

2

the computation of their credits.   See 28 C.F.R. §§ 542.10–542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence."   Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)).   Only "after the exhaustion of administrative remedies" may a claim for credit of time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345).   Here, Defendant's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the Bureau of Prisons.   Defendant's motion is, therefore, **DISMISSED** as premature.

SO ORDERED, this _____ day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3